UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL OSAN,

    Plaintiff,

v.                                                                             Case No: 8:15-cv-104-T-36TGW

VERIZON FLORIDA LLC,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon the Defendant Verizon Florida LLC's ("Verizon") Motion to Dismiss (Doc. 21). Plaintiff Michael Osan responded in opposition to the Motion (Doc. 22), and Verizon replied in further support of its Motion (Doc. 25). The Court, having considered the parties' submission and being fully advised in the premises, will now GRANT Verizon's Motion to Dismiss.

**I.  BACKGROUND**

    **A.  Procedural History**

Osan originally brought this action in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, asserting claims for breach of contract and accounting. *See* Doc. 2. Verizon removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a), claiming that Osan's claims were actually governed by the Labor Management Relations Act, 29 U.S.C. § 401 *et seq.* ("the LMRA") because he was alleging violations of a contract between an employer and a labor organization. Doc. 1 ¶¶ 4-5. Verizon thereafter filed a motion to dismiss the Complaint, arguing that Osan's claims were

preempted by the LMRA. *See* Doc. 5. The Court agreed with Verizon and dismissed the Complaint, but also granted Osan leave to amend. *See* Doc. 18.

Osan timely filed an amended complaint, *see* Doc. 20 ("Am. Compl."), which Verizon now moves to dismiss.

### B. Statement of Facts[1]

As alleged in the Amended Complaint: In October 2012, Osan voluntarily separated from his employment with Verizon, with whom he had been employed for nearly 35 years. *Id.* ¶¶ 5, 11. At the time of his separation, Osan was a member of the International Brotherhood of Electrical Workers, Local Union 824, A.F.L.-C.I.O ("Union"). *Id.* ¶ 6. Also at that time, there was a collective bargaining agreement ("CBA") in effect between Verizon and the Union (the "Agreement"), pursuant to which Osan had been permitted to "bank" up to two vacation weeks per year and carry that vacation time into future years. *Id.* ¶¶ 7-8; Ex. A to Am. Compl. ("Vacation Provision"). When Osan separated from Verizon, he had an estimated 2,600 hours of vacation time accumulated and banked pursuant to the terms of the Agreement. Am. Compl. ¶ 9.

Osan elected to separate from Verizon after receiving an offer for a lump sum payment and buyout. *Id.* ¶ 13. The offer was to include payment for all banked hours accrued as a result of the Vacation Provision. *Id.* ¶ 14. At the time of Osan's separation, the value of his banked vacation time was approximately $70,200.00. *Id.* ¶ 20. Despite repeated requests, however, Verizon has failed to pay Osan for his accrued vacation time. *Id.* ¶ 21.

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 20), the allegations of which the Court must accept as true in ruling on the instant Motion. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

In his Amended Complaint, Osan asserts three claims: Count I is a claim for breach of contract; Count II is a claim for violations of the LMRA; and Count III is a claim for fraud in the inducement.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III.   DISCUSSION

### A.   Count I – Breach of Contract

Verizon argues that Count I must be dismissed because it is preempted by Section 301 of the LMRA, 29 U.S.C. § 185. The Court agrees. The LMRA creates a uniform federal law of CBA interpretation that governs any case in which interpretation of an agreement between an employer and a labor organization is critical to the resolution of the dispute. *See Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). Accordingly, a state law claim is preempted by the LMRA "when resolution of [the] state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract . . . ." *Allis-Chalmers Corp. v.*

*Lueck*, 471 U.S. 202, 220 (1985).  However, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 (1987).

Count I alleges that, as part of Osan's separation agreement, he was entitled to receive payment for all banked vacation hours accrued as a result of the Vacation Provision, but Verizon refused to make such payment despite repeated requests.  *See* Doc. 20 ¶¶ 13-14, 17, 21. Accordingly, resolution of Osan's breach of contract claim turns upon the analysis and interpretation of the terms of the Vacation Provision.  Osans' breach of contract claim, therefore, is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," and is preempted by Section 301 of the LMRA.  *See Allis-Chalmers*, 471 U.S. at 220; *see also Moon v. Goodyear Tire & Rubber Co.*, 519 Fed. App'x 620, 623 (11th Cir. 2013) (holding that, because the determination of the plaintiff's state law breach of contract claim would require analysis of the terms supplied in a CBA, that claim was preempted by Section 301 of the LMRA).

Osan argues that his breach of contract claim is not preempted because it is based on an independent offer for voluntary termination made by Verizon to him, and also because claims brought pursuant to the Vacation Provision are not subject to the grievance or arbitration procedure set forth in the Agreement.  *See* Doc. 22 at 3.  Osan's arguments are without merit.  *First*, as the Supreme Court made clear in *Allis-Chalmers*, a breach of contract claim that is not based on the direct breach of a provision in a CBA may still be preempted by the LMRA if its resolution would be "substantially dependent" upon analysis of the terms of a CBA.  *See Allis-Chalmers*, 471 U.S. at 220.  Thus, the mere fact that Osan is alleging the breach of a separate agreement does not

necessarily remove his claim from the purview of LMRA preemption.  *Second*, even assuming *arguendo* that a claim brought to enforce rights accrued as a result of the Vacation Provision is exempt from the grievance or arbitration procedures set forth in the Agreement, it does not follow that the Vacation Provision ceases to be a part of the Agreement.  At most, such exemption would entitle a plaintiff to bring an LMRA claim in court for benefits accrued as a result of the Vacation Provision without first having to grieve or arbitrate that claim.[2]

Because it is eminently clear that the resolution of Osan's breach of contract claim would require analysis of the Vacation Provision, which is a part of a CBA, that claim is preempted by the LMRA and must be dismissed with prejudice.

### B. Count II – Violations of LMRA

Verizon argues that Count II must be dismissed because Osan has failed to exhaust the grievance procedure provided in the Agreement.  The Court agrees.  As a general matter, an employee must exhaust the grievance procedures provided in a CBA before bringing a claim under Section 301 of the LMRA.  *See Moon*, 519 Fed. App'x at 624.  Here, Osan has not alleged that he has exhausted the grievance procedure provided in the Agreement.  Accordingly, without more, his LMRA claim is due to be dismissed for failure to exhaust.  *See id.* ("[W]hen an employee has not attempted to utilize the dispute resolution mechanisms available to him under the collective bargaining agreement, his independent suit is to be dismissed.").

---

[2] Osan appears to suggest that *Allis-Chalmers* stands for the proposition that a state law claim is preempted by the LMRA only if arbitration would otherwise play a central role in its resolution.  *See* Doc. 22 at 4.  Osan's interpretation of *Allis-Chalmers* is plainly wrong.  Rather, all the Court in *Allis-Chalmers* noted was that, if a state law claim that is substantially dependent on the analysis of the terms of a CBA were *not* preempted by the LMRA, then a clever plaintiff would be able to easily circumvent any pre-suit procedures provided in the CBA by couching his or her claim, which properly arises under the LMRA, as a state law claim.  *See Allis-Chalmers*, 471 U.S. at 219-20.

Osan alleges that he was not required to utilize the grievance procedure provided in the Agreement because, according to him, the Vacation Provision "contain[s] language which specifically waives the need for using the grievance and arbitration provisions." Am. Compl. ¶ 24. Osan also attaches a memorandum of agreement entitled "Lump Sum Payment Option," which contains a clause stating that "[t]he resolution of any disputes involving the terms, conditions, interpretation, and administration of the Plan [for Hourly Employees' Pensions] . . . shall not be subject to the grievance or arbitration procedure set forth in the . . . Agreement." Ex. B to Am. Compl. ("Pension Provision").

Upon consideration of Osan's allegations and the Pension Provision, however, the Court disagrees that Osan has established that any exemption applies to his claim for unpaid banked vacation time. First, contrary to Osan's allegation, the Vacation Provision itself contains no language waiving the grievance requirements of the Agreement. *See* Ex. A to Compl. Second, the exemption in the Pension Provision does not appear to apply to claims for benefits accrued as a result of the Vacation Provision. Indeed, the Pension Provision states, on its face, that the exemption from grievance or arbitration applies only to disputes relating to the "Plan for Hourly Employees' Pensions." Nothing in either the Vacation Provision or the Pension Provision suggests that banked vacation benefits are a part of, or otherwise involve, the "Plan for Hourly Employees' Pensions." Without any additional allegations connecting the two provisions, it would be unreasonable to infer that a claim for benefits accrued as a result of the Vacation Provision is somehow a claim that involves the "Plan for Hourly Employees' Pensions." Osan cannot

6

circumvent the grievance and arbitration provisions of the Agreement by relying on an exemption that, on its face, does not apply to the specific entitlement at issue.[3]

In sum, Osan has failed to allege that he has exhausted the grievance procedure provided in the Agreement, and also has failed to allege facts sufficient to establish that such requirement does not apply to his claim for benefits accrued as a result of the Vacation Provision. Count II, therefore, must be dismissed for failure to exhaust.

### C.    Count III – Fraud in the Inducement

Verizon argues that Count III must be dismissed because, *inter alia*, it is really a claim for breach of contract. The Court agrees. As noted by the Florida Supreme Court in *Tiara Condominium Association, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399 (Fla. 2013), under basic common law principles, "in order to bring a valid tort claim, a party [] must demonstrate that all of the required elements for the cause of action are satisfied, including that the tort is independent of any breach of contract claim." *Id.* at 408 (Pariente, J. concurring). That is because "when the parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than it made by turning a breach of contract into a tort for economic loss." *Id.* (quotation marks and citation omitted). "In assessing whether fraud in the inducement is distinct from a claim arising under a contract, the critical inquiry focuses on whether the alleged fraud is separate from the performance of the contract." *Kaye v. Ingenio,*

---

[3] To the extent Osan suggests that he is actually alleging a claim relating to payment under the "Plan for Hourly Employees' Pensions," *see* Doc. 22 at 2 ("Plaintiff believed that a Lump Sum Payment Option was exercised by him"), such claim clearly is not supported by the allegations in his Amended Complaint, and therefore will not be considered by the Court in evaluating Verizon's Motion, *see Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief . . . .").

*Filiale De Loto-Quebec, Inc.*, Case No. 13-cv-61687, 2014 WL 2215770, at *5 (S.D. Fla. May 29, 2014) (citations omitted).

Osan argues that the fraud was independent from the breach of contract because he was told prior to entering into the separation agreement that his separation payment would include his banked vacation hours, and he relied on that representation in deciding to enter into the separation agreement. Contrary to Osan's position, however, the alleged claim of fraud is precisely the same as a potential breach of contract claim—assuming *arguendo* that Verizon's pre-separation promise to pay Osan for his banked vacation time was fraudulent, the terms of the purported fraud were a part of the separation agreement, *see* Am. Compl. ¶ 14 ("The offer [to separate] was to include all 'banked' hours accrued as a result of the [Vacation Provision]."), so any failure to comply with those terms properly results in an action for breach of contract.[4] *Accord Kaye*, 2014 WL 2215770, at *5. Permitting Osan to bring his breach of contract claim as a claim for fraud in the inducement would allow him to unfairly circumvent the negotiated remedies in the Agreement, including the arbitration and grievance procedures provided therein.

For the reasons stated above, Count III fails to state a claim for fraud in the inducement and must be dismissed.

### D.    Leave to Amend

Osan requests that, if this Court were to dismiss his Amended Complaint, he be given leave to amend yet again. Although the Court questions whether Osan will be able to state a viable claim

---

[4] Even if, on the other hand, the alleged misrepresentation regarding the payment of Osan's banked vacation time were contradicted by the terms of the separation agreement, Osan still cannot maintain a claim for fraud. *See Altenel, Inc. v. Millennium Partners, L.L.C.*, 947 F. Supp. 2d 1357, 1369-70 (S.D. Fla. 2013) (noting that, where the terms of the agreement "directly contradict[ed] the very premise of Plaintiff's allegations of fraud," a claim for fraud cannot be maintained because that would be contrary to public policy, and also because reliance on the alleged misrepresentation is unreasonable as a matter of law under these circumstances).

according to the facts currently alleged in his Amended Complaint, the Court will afford Osan one final opportunity to amend. The Court cautions Osan, however, that should his second amended complaint assert claims that contain the same deficiencies discussed herein or allege facts that he will unlikely be able to support with evidence, Osan and/or his counsel may be subject to sanctions. *See* Fed. R. Civ. P. 11 ("By presenting to the court a pleading . . . an attorney or unrepresented party certifies that . . . (1) it is not being presented for any improper purpose . . . ; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support . . . . If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").

### IV.     CONCLUSION

For the reasons stated above, it is hereby **ORDERED**:

1. Verizon's Motion to Dismiss (Doc. 21) is **GRANTED**;

2. Osan's Amended Complaint (Doc. 20) is **DISMISSED, without prejudice, except as to Count I, which is preempted and therefore dismissed with prejudice**; and

3. Osan is granted leave to file a second amended complaint curing the deficiencies identified in this Order within **FOURTEEN (14) DAYS** from the date of this Order.

**DONE AND ORDERED** in Tampa, Florida on May 11, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

9

Copies to:
Counsel of Record and Unrepresented Parties, if any